No. 89-509

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

MERLIN L. SORENSEN,

        Plaintiff and Appellant,

-vs-

DONALD M. MILLHOUSE, Chief of Police,
City of Missoula, THE CITY OF MISSOULA,
a municipality,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Clinton H. Kammerer, Missoula, Montana

    For Respondent:

        Robert L. Deschamps, III, County Attorney, Missoula,
Montana

---

Submitted on Briefs: Feb. 9, 1990

Decided: February 23, 1990

Filed:

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

Merlin L. Sorensen, plaintiff, filed a complaint on March 8, 1989, in the District Court of the Fourth Judicial District, Missoula, County, alleging that the forfeiture action started on November 1, 1988 was improperly brought as an *in personam* action instead of an *in rem* action; that he was improperly served under Rule 4, M.R.Civ.P.; and that he was denied his statutory vehicle exemption under § 25-13-609, MCA. The District Court granted summary judgment in favor of defendants, Donald M. Millhouse, Chief of Police, City of Missoula and the City of Missoula, a municipality, on the basis that plaintiff's complaint was barred by the doctrines of res judicata and collateral estoppel.

On reviewing the record, we find that the District Court did not err in granting summary judgment in favor of defendants. The record does not support plaintiff's allegations regarding the forfeiture action, improper service, and the statutory vehicle exemption. Contrary to plaintiff's allegations, the record demonstrates that plaintiff failed to respond to the forfeiture proceeding instigated against him on November 1, 1988 within twenty days, as required by § 44-12-202, MCA. The District Court therefore did not err in finding that the doctrines of res judicata and collateral estoppel barred plaintiff's March 8, 1989 complaint and thus properly granted summary judgment in favor of defendants pursuant to Rule 56, M.R.Civ.P.

Affirmed.

2

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be citeable as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company, Montana Reports and Montana Law Week. Let remittitur issue forthwith. Rules 34 and 35, M.R.App.P.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

3